UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| BOBBY DARRELL OWENS, | ) | |
|---|---|---|
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 2:20-CV-00214-JRG-CRW |
| CRISTIE FRAZIER, NURSE MATT, and SULLIVAN COUNTY JAIL NURSING STAFF, | ) ) ) ) ) | |
| Defendants. | ) | |

## **MEMORANDUM OPINION AND ORDER**

The Court is in receipt of a pro se prisoner's complaint under 42 U.S.C. § 1983 [Doc. 1], and a motion for leave to proceed *in forma pauperis* in this action [Doc. 4] The Court will address Plaintiff's motion before screening Plaintiff's complaint in compliance with the Prison Litigation Reform Act ("PLRA").

**I.     MOTION TO PROCEED *IN FORMA PAUPERIS***

It appears from the motion for leave to proceed *in forma pauperis* that Plaintiff lacks sufficient financial resources to pay the filing fee. Accordingly, pursuant to 28 U.S.C. § 1915, this motion [Doc. 4] will be **GRANTED**.

Because Plaintiff is an inmate in the Sullivan County Detention Center, he is **ASSESSED** the civil filing fee of $350.00. The custodian of Plaintiff's inmate trust account is **DIRECTED** to submit to the Clerk, U.S. District Court, 220 West Depot Street, Suite 200, Greeneville, Tennessee 37743, as an initial partial payment, the greater of: (a) twenty percent (20%) of the average monthly deposits to Plaintiff's inmate trust account; or (b) twenty percent (20%) of the average monthly balance in his inmate trust account for the six-month period preceding the filing of the complaint. 28 U.S.C. § 1915(b) (1) (A) and (B). Thereafter, the custodian of Plaintiff's inmate trust account

shall submit twenty percent (20%) of Plaintiff's preceding monthly income (or income credited to Plaintiff's trust account for the preceding month), but only when such monthly income exceeds ten dollars ($10.00), until the full filing fee of three hundred fifty dollars ($350.00) has been paid to the Clerk. 28 U.S.C. §§ 1915(b)(2) and 1914(a).

To ensure compliance with this fee-collection procedure, the Clerk will be **DIRECTED** to mail a copy of this memorandum and order to the custodian of inmate accounts at the institution where Plaintiff is now confined, and to the Attorney General for the State of Tennessee. This order shall be placed in Plaintiff's prison file and follow him if he is transferred to another correctional institution. The Clerk will be **DIRECTED** to provide a copy to the Court's financial deputy.

## II. SCREENING

### A. Screening Standard

Under the PLRA, district courts must screen prisoner complaints and *sua sponte* dismiss any claims that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune. *See, e.g.,* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999). The dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) "governs dismissals for failure state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). Thus, to survive an initial review under the PLRA, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

Courts liberally construe pro se pleadings filed in civil rights cases and hold them to a less stringent standard than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Allegations that give rise to a mere possibility that a plaintiff might later establish

2

undisclosed facts supporting recovery are not well-pled and do not state a plausible claim, however. *Twombly*, 550 U.S. at 555, 570. Further, formulaic and conclusory recitations of the elements of a claim which are not supported by specific facts are insufficient to state a plausible claim for relief. *Iqbal*, 556 U.S. at 681.

In order to state a claim under 42 U.S.C. § 1983, a plaintiff must establish that he was deprived of a federal right by a person acting under color of state law. *Braley v. City of Pontiac*, 906 F.2d 220, 223 (6th Cir. 1990) (stating that "Section 1983 does not itself create any constitutional rights; it creates a right of action for the vindication of constitutional guarantees found elsewhere").

### B. Allegations of Complaint

Plaintiff, an inmate housed in the medical unit at the Sullivan County Detention Center ("Sullivan County Jail"), had his nose broken by another inmate [Doc. 1 at 3-4]. Plaintiff requested medical attention at the nurse's station, but "nothing was done" [*Id.*]. Claiming a violation of his rights to medical care, Plaintiff requests both punitive and monetary damages, as well as a declaration reprimanding the supervisor of the medical unit [*Id.* at 5].

### C. Analysis

#### 1. Defendants Frazier and Matt

Plaintiff has named "Head Nurse" Cristie Frazier and Nurse Matt as Defendants in this action [*See, generally*, Doc. 1]. However, he has not alleged any facts suggesting wrongdoing by Defendants Frazier or Matt, and therefore, Plaintiff has failed to state a claim against either of them. *See Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (providing that "a complaint must allege that the defendants were personally involved in the alleged deprivation of federal rights" to state a claim upon which relief may be granted). Moreover, Plaintiff cannot seek to impose liability on Defendant Frazier merely because she is a supervisor, as a court may not

3

impose liability under § 1983 based on a failure to act and/or a theory of *respondeat superior*. *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). Accordingly, Defendants Frazier and Matt will be **DISMISSED**.

### 2. Defendant Sullivan County Jail Nursing Staff

As the Court noted above, liability in § 1983 requires a personal involvement in the alleged deprivation of federal rights. *Frazier*, 41 F. App'x at 764. Therefore, Plaintiff cannot hold the entirety of the jail's nursing staff responsible for wrongdoing unless each member of that staff participated in the challenged conduct. Plaintiff has not identified any member of the jail's nursing staff — much less the entirety of the staff — as responsible for the denial of his request for medical care. Accordingly, Defendant Sullivan County Jail Nursing Staff will be **DISMISSED**

Additionally, to the extent Plaintiff intends the Sullivan County Jail itself to be a Defendant, the Court notes that a jail is a nonsuable entity under § 1983. *See Cage v. Kent County Corr. Facility*, No. 96-1167, 1997 WL 225647, at *1 (6th Cir. May 1, 1997) (stating that "[t]he district court also properly found that the jail facility named as a defendant was not an entity subject to suit under § 1983"). Further, Plaintiff has not alleged facts to suggest that any policies and/or customs of the jail caused the alleged violation of his constitutional rights, and therefore, the Court declines to construe Plaintiff's claim as arising against Sullivan County. *See, e.g., Monell v. Dep't of Soc. Servs*, 436 U.S. 658, 708 (1978) (Powell, J., concurring) (explaining a municipality can only be held liable for harms that result from a constitutional violation when that underlying violation resulted from "implementation of [its] official policies or established customs").

### 3. Potential Defendants

The Court finds, however, that Plaintiff's allegations have stated a plausible claim for the denial of medical care against the specific medical personnel from whom he requested and was allegedly denied medical treatment. Plaintiff's failure to identify the specific individual(s),

4

however, prevents the Court from directing the Clerk to issue service packets for them. Therefore, the Court will allow Plaintiff an opportunity to file an amended complaint within twenty-one (21) days of this Order that identifies the approximate date on which the alleged assault occurred, the name(s) of the individual(s) from whom Plaintiff requested medical treatment for his broken nose, and any actions taken by medical personnel subsequent to Plaintiff's complaint of a broken nose.

Plaintiff is **NOTIFIED** that the amended complaint will completely replace and supersede his original complaint, and thus, it must be complete and not refer back to the prior pleading. Plaintiff is further **NOTIFIED** that his amended complaint should include only a short and plain statement of his claim showing that he is entitled to relief as to each Defendant in accordance with Rule 8 of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 8(a)(2) (requiring pleading to contain "a short and plain statement of the claim showing that the pleader is entitled to relief").

Plaintiff should avoid making legal arguments in his amended complaint, but rather, he should focus on clearly and succinctly setting forth the facts – the who, what, where, when, why – of his claims. Plaintiff is **NOTIFIED** that the Court will only address the merits of Plaintiff's claims that relate to his original complaint. Accordingly, Plaintiff **SHALL NOT** attempt to set forth in his amended complaint any additional claims that do not relate to his original complaint, and he is advised that any such claims will be **DISMISSED**. The Clerk will be **DIRECTED** to mail Plaintiff a § 1983 form for this purpose.

Plaintiff is **NOTIFIED** that if he does not file an amended complaint by the deadline, the Court will **DISMISS** his complaint for failure to prosecute and comply with an order of the Court.

Plaintiff is also **NOTIFIED** that the Court **WILL NOT** consider any kind of motion for relief until after the Court has screened the amended complaint pursuant to the PLRA, *see, e.g.,* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A, which the Court will do as soon as practicable. Accordingly,

the Court will automatically deny any motions filed before the Court has screened the amended complaint.

## III. CONCLUSION

For the reasons set forth above:

1. Plaintiff's motion for leave to proceed *in forma pauperis* [Doc. 4] is **GRANTED**;

2. Plaintiff is **ASSESSED** the civil filing fee of $350.00;

3. The custodian of Plaintiff's inmate trust account is **DIRECTED** to submit the filing fee to the Clerk in the manner set forth above;

4. The Clerk is **DIRECTED** to mail a copy of this memorandum and order to the custodian of inmate accounts at the institution where Plaintiff is now confined, to the Attorney General for the State of Tennessee, and to the Court's financial deputy;

5. Defendants Cristie Frazier, Nurse Matt, and Sullivan County Jail Nursing Staff are **DISMISSED**;

6. The Clerk is **DIRECTED** to forward Plaintiff a § 1983 form;

7. Plaintiff is **ORDERED** to complete the § 1983 form within twenty-one (21) days in accordance with the directives stated above;

8. Plaintiff is **NOTIFIED** that failure to comply with this order will result in the dismissal of this action for failure to prosecute and comply with an order of the Court; and

9. Plaintiff is **ORDERED** to immediately inform the Court and Defendants or their counsel of record of any address changes in writing. Pursuant to Local Rule 83.13, it is the duty of a pro se party to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. E.D. Tenn. L.R. 83.13. Failure to provide a correct address to this Court within fourteen (14) days of any change in address may result in the dismissal of this action.

So ordered.

ENTER:

s/J. RONNIE GREER<br>UNITED STATES DISTRICT JUDGE